**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: CARLOS CAMACHO MORALES<br><br>GLORIA MOLINA FELICIANO<br><br>DEBTOR(S) | BK. CASE #<br><br><br><br>CHAPTER 13 |

**CHAPTER 13 PAYMENT PLAN**

**FILED BY THE DEBTOR DATED:<u>JULY 1, 2016</u>**

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than fourteen (14) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims. Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change no later than 21 days before a payment in the new amount is due. Those post-petition monthly payments will not exceed the life of the plan.** • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

The debtor or debtors (hereinafter "debtor") proposes the following plan. The debtor submits the following income and property to the trustee for the execution of the plan.

**I. PLAN PAYMENTS.**

*(A) Base Plan*:

    (1) The debtor will pay the trustee directly $<u>**175.00**</u> per month for <u>**60**</u> months, starting within 30 days after the commencement of the case or its conversion to Chapter 13, whichever is later.

    (2) Afterwards, the he debtor will also pay the trustee monthly payments as follows: **<u>N/A.</u>**

    (3) The debtor will also pay the trustee directly the following: **<u>N/A.</u>**

    (4) The total base plan amount is **<u>$10,500.00</u>**.

*(B) Length of Plan.* The plan shall be <u>**60**</u> months long.

*(C) Payment of Tax Refunds.* In addition to the base plan amount, the debtor will pay the trustee any non-exempt tax refunds. The tender of such payments shall deem the plan modified by such amount, increasing the plan base thereby without the need of further notice, hearing or court order. If need be for the use by the Debtor(s) of a portion of such fund, Debtor(s) shall seek the Court's authorization prior to any use of funds.

*(D) Applicable Commitment Period.* The Applicable Commitment Period is <u>**36**</u> months as provided by 11 U.S.C. § 1325(b)(4).

*(E) Payment of Claims and or Accounts Receivables in favor of the Debtor.* The debtor will also pay the trustee: Any non-exempt funds collected from any claim or account receivable that the Debtor may have against <u>**N/A.**</u> The tender of such payment shall deem the plan modified by such amount, increasing the plan base thereby without the need of further notice, hearing or court order. If need be for the use by the Debtor(s) of a portion of such fund, Debtor(s) shall seek the Court's authorization prior to any use of funds.

## II. ADMINISTRATIVE EXPENSE CLAIMS.

*(A) Payment in Full of Administrative Expense Claims.* The trustee shall pay the following administrative expense claims in full:

(1) Trustee's statutory fees as allowed by 28 U.S.C. § 586(e)(2) is estimated to be 10% of each monthly plan payment. Such Trustee' Fees shall be paid under the plan monthly at the time of the receipt by the Trustee of the Debtor's payment.

(2) Debtor's attorney fees will be treated as priority pursuant to section 507 of the Code. Upon confirmation of the plan, the trustee will pay the attorney fees first, without prejudice to payment of Trustee's statutory fees or adequate protection payments as required by law. Before the filing of the Petition in this case, **the Debtor pre-paid $200.00 of Debtor's attorney's fees.**

**The outstanding balance as per the Rule 2016 (b) Fee Disclosure Statement is $2,800.00**. Any post-confirmation work will be billed on an hourly basis through the application for compensation process, and will be paid by the Trustee through this Chapter 13 Plan, after Court approval.

## III. SECURED CLAIMS.

Claims secured by property of the estate shall be paid as follows:

*(A) Pre confirmation Adequate Protection and Lease Payments.* The Trustee shall make adequate protection payments on the following secured claims prior to confirmation of the plan from funds paid by the debtor as follows, pursuant to 11 U.S.C. § 1326(a)(1). A proof of claim must be filed before the trustee shall make such payments.

| Creditor Name | Collateral | Amount of Adequate Protection |
|---|---|---|
| None | | |

*(B) Ongoing Mortgage Payments by the Debtor.* The debtor shall make current monthly mortgage payments directly to creditors as follows, starting with the first payment due after the filing of the petition or the conversion of the case to Chapter 13, whichever is later, unless otherwise indicated. The debtor shall increase or decrease the payments to reflect changes in variable interest rates, escrow requirements, or similar matters. The lien securing each claim shall not be impaired. The underlying claim shall not be discharged pursuant to 11 U.S.C. § 1328 unless the debtor surrenders the property during the term of the plan or the Court grants relief from the automatic stay permitting the creditor to enforce its interests against the property.

| Creditor Name | Collateral |
|---|---|
| Scotiabank | **100% INTEREST IN PROPERTY LOCATED AT CARR. 176 KM 5.4 CAMINO FIGUEROA CUPEY ALTO SAN JUAN, P.R.** |

*(C) Other Secured Claims Not Paid By Trustee- To be paid directly to creditor.* The following secured claims shall be paid directly by the **debtor or a third party** pursuant to the existing contract(s). The lien securing each claim shall not be impaired. Each claim to be paid by the debtor shall not be discharged pursuant to 11 U.S.C. § 1328 unless (i) the debtor surrenders the collateral during the term of the plan, (ii) the Court orders the return of the collateral, or (iii) the Court grants relief from the automatic stay authorizing the creditor to enforce its interests against the collateral.

| Creditor Name | Collateral | Details |
|---|---|---|
| Oriental Bank & Trust | **Vehicle 2015 KIA RIO**<br><br>**VIN NO. KNADM5A33F648365** | **Debtors will continue payments directly to creditor.** |

**(D) Arrearages on Secured Claims.** The trustee shall pay arrearages on allowed secured claims to cure defaults from funds paid by the debtor as follows. Payment by the trustee of the allowed amount of arrears shall constitute a complete cure of all prepetition defaults. A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided**, the amounts of arrears stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process**).

The amount necessary to cure the default may also include any post-petition arrearages, but only to the extent these amounts are authorized by the note and mortgage and approved by the Court after notice to the Debtor(s), Debtor's counsel, and the Trustee. Upon confirmation of the plan the secured creditor shall treat the pre-petition arrearages (and post-petition arrearages, if any) as if they are contractually current, subject to and contingent upon successful completion of mortgage cure payments and regular monthly mortgage payments under the plan.

| Creditor Name | Collateral | Estimated amount of arrears |
|---|---|---|
| Scotiabank | **100% INTEREST IN PROPERTY LOCATED AT CARR. 176 KM 5.4 CAMINO FIGUEROA CUPEY ALTO SAN JUAN, P.R.** | $500.00 |

**(E) 524(i) Provision.** Confirmation of the plan shall impose a duty on Real Property Creditors and servicers, with respect to application of payments, to comply with the provisions of 11 U.S.C. §524(i). As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

A. To apply all post-petition payments received from the Chapter 13 Trustee or the Debtor and designated to the pre-petition arrearage claim and the post-petition arrearage claim (if such exists) only to such claims;

B. To apply all post-petition payments received from the Chapter 13 Trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for payment by the Court in the Order Confirming Plan;

C. To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court;

D. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

E. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been made to the Debtor and the Chapter 13 Trustee and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13Trustee or the Debtor;

F. To the extent that any post-confirmation fees or charges are allowed pursuant to a Court Order and are added to the Plan, to apply only payments received from the Chapter 13 Trustee and designated in payment of such fees and charges to such fees and charges. To the extent that such fees or charges are allowed by Court Order and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges.

**(F) Secured Claims to be paid in full**. The trustee shall pay the following claims, in full, plus allowed interest from funds paid by the debtor as provided below. A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided, the claim amounts stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

| Creditor Name | Collateral | Estimated Claim Amount | Estimated Interest (Rate and Estimated Dollar Amount) | Estimated Total Claim and Interest (Estimated) | Payment Schedule (Pro rata with other secured creditors, fixed payments, etc.) |
|---|---|---|---|---|---|
| None | | | | | |

*Chapter 13 Plan – P a g e | 3*

**(G) Non-910 Claims.** Secured Claims Where § 506 is Applicable. The trustee shall pay the following secured claims, to which 11 U.S.C. § 506 is applicable, in full or to the lesser extent of the value of the collateral plus allowed interest, from funds paid by the debtor as provided below. A proof of claim must be filed before the trustee shall make such payments. **Unless stated otherwise, confirmation of the plan is a judicial determination pursuant to 11 U.S.C. §§ 506(a) and 1327(a) that the value of the collateral is the amount set forth below at "allowed claim amount."** Any undersecured portion of such claim shall be treated as unsecured.

| Creditor Name | Collateral | Estimated Claim Amount | Estimated Interest (Rate and Estimated Dollar Amount) | Estimated Total Claim and Interest (Estimated) | Payment Schedule (Pro rata with other secured creditors, fixed payments, etc.) |
|---|---|---|---|---|---|
| None | | | | | |

**(H) Relief from the Automatic Stay.** The debtor consents to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit the following creditors to enforce their state-law interests against the following collateral. Any deficiency claim filed by such creditor following the disposition of such collateral will be treated as unsecured. The debtor's consent does not affect the interests of the trustee or any co-obligor.

| Creditor Name | Account Number Ending in: | Collateral (Description and Location) |
|---|---|---|
| None | | |

**(I) Cessation of Trustee Payments Upon Relief from Automatic Stay.** The trustee is authorized to cease payments on the secured portion of any claim where either (1) the holder of the claim is granted relief from the automatic stay to permit it to enforce its interests against the collateral under state law *immediately*, or (2) the holder of the claim is granted relief from the automatic stay conditionally (such as in an adequate protection order) where the holder would be permitted to enforce its interests against the collateral under state law *upon the occurrence of a specific event* and such event has occurred.

## IV. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**(A) Assumption.** The following executory contracts and unexpired leases are assumed. The debtor shall pay directly all payments due under the terms of the agreement(s) between the debtor and each creditor after the filing of the bankruptcy or the conversion of the Case to Chapter 13, whichever is later, according to the existing agreement(s).

| Creditor Name | Property | Details |
|---|---|---|
| None | | |

**(B) Cure of Defaults.** Monetary defaults on any executory contract or unexpired lease assumed by the debtor shall be cured by payment of prepetition arrears by the trustee from funds paid by the debtor as follows. Payment will be made concurrently with payment to secured claims. Payment by the trustee of the allowed amount of such arrears shall constitute a complete cure of all prepetition monetary defaults. A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided, the arrears stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process). The amount necessary to cure the default may also include any post-petition arrearages, but only to the extent these amounts are authorized by the note and lease agreement and approved by the Court after notice to the Debtor(s), Debtor's counsel, and the Trustee.

*Chapter 13 Plan – P a g e  | 4*

| Creditor Name | Property | Estimated Amount of Arrears | Estimated Interest (Rate and Estimated Dollar Amount) | Estimated Total Arrears and Interest (Estimated) | Payment Schedule (Pro rata, fixed Payments, etc.) |
|---|---|---|---|---|---|
| None | | | | | |

*(C) Rejected Contracts and Leases.* Any executory contract or unexpired lease not assumed is rejected upon confirmation of the plan.

**V. PRIORITY CLAIMS**

Unsecured claims entitled to priority under 11 U.S.C. § 507(a) shall be paid as follows. Unless otherwise provided, the amounts of priority claims stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

*(A) Domestic Support Obligations.* (Check One)

  (1) [X] The debtor has no domestic support obligations; or

  (2) [ ] The debtor has one or more domestic support obligations.

(a) The debtor with domestic support obligations shall pay all post-petition domestic support obligations directly to the holder of each claim; and

(b) The trustee shall pay the following claims for arrears on domestic support obligations, in full, unless otherwise indicated. A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided, the arrears stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

| Creditor Name | Estimated Claim Amount |
|---|---|
| None | |

*(B) Other Priority Claims.* The trustee shall pay the following priority claims, in full, unless otherwise indicated. A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided, the amounts stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

| Creditor Name | Nature of Priority (such as priority tax claims) | Estimated Amount |
|---|---|---|
| None | | |

**VI. GENERAL UNSECURED CLAIMS.**

The trustee shall pay unsecured claims not entitled to priority from funds paid by the debtor as follows. The debtor estimates the total of all general unsecured (including undersecured) claims to be $42,735.81.

General Unsecured Claims shall be paid by the Trustee a pro rata share of the funds available for distribution after payment of administrative expenses, priority claims, secured claims, **up to** 100% of their claims plus 4.25% interest, if such funds are available for distribution.

*Chapter 13 Plan –* *P a g e* *| 5*

*(B) Other Classes.*

**(1) Co debtor Claims**. The Trustee shall pay 100% of any allowed claim of the creditors listed below, in order to protect a co-debtor.

| Creditor Name | Account ending in: | Estimated Claim Amount |
|---|---|---|
| None | | |

## VII. JURISDICTION RETAINED.

Property of the estate not paid to the trustee shall remain in the possession of the debtor, without prejudice to any Section of the Bankruptcy Code. All property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the Court's jurisdiction, notwithstanding 11 U.S.C. § 1327(b).

## VIII. GENERAL PROVISIONS.

*A. Preferential Payments:* If any preferential payments have been informed by the Debtor(s) in the Statement of Financial Affairs, any preferential payment recovered by the Trustee or the Debtor(s) will be used to fund the plan, increasing the plan base without the need of further notice, hearing or Court Order.

*B. Deficiency Claims.* Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within ninety (90) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

*C. Filing Proof of Claims.* To receive payment from the trustee, either prior to or following confirmation, a creditor must file a proof of claim. Claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. A creditor that is provided for under the plan and fails to file a timely allowed claim, will have waived its right to request relief from the automatic stay. However, if a creditor does not file a timely proof of claim, the either the debtor(s) or the trustee may file such claim under 11 USC 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

*D. Objection to Claims.* Confirmation of this plan does not bar a party in interest from objecting to a claim.

*E. Classification of Claims.* If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

*F1. Property of the Estate and Insurance.* Property of the estate includes all of the property specified in 11 U.S.C.
Sections 541 and 1306, and all property of the kind specified in such sections acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code, UNLESS IS RULED TO BE A CONVERSON MADE IN BAD FAITH. Property of the estate shall revest in the debtor(s) upon closing of the case or until such time that may be set by Court Order. Revesting of the property of the estate upon conversion of the case, shall not be construed as to hamper a Chapter 7 Trustee's power control, or administration of estate property.
The Debtor(s) reserve their right to sell property of the estate after approval of the Bankruptcy Court and full compliance with any and all applicable Bankruptcy Code sections –including section 363(b)-, federal and Puerto Rico laws, applicable regulations, rules, and local bankruptcy rules.

*F2. Insurance.* The debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. In particular, insurance for Auto N/A serving as collateral to creditor N/A for account number ending in N/A will be provided by Eastern American Insurance Company and will be paid through this Chapter 13 plan.

*G. Arbitration.* All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

*H. Retention of Lien.* All secured creditors shall retain the liens securing their claims unless otherwise stated.

*I. Duty of Mortgage Servicer to Provide Loan Information:*

1. Upon written request of the debtor, any mortgage servicer or its successor shall provide to the debtor and/or the debtor's attorney all information with respect to the debtor's mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the debtor properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The debtor shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2. Upon written request of the debtor's counsel, any of the information requested to be provided to the debtor in paragraph F(1) above shall also be provided to the debtor's counsel.

*J. Release of Certificate of Title upon Satisfaction of Secured Claim:*

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor or to the attorney for the debtor.

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

## IX. SPECIAL PROVISIONS.

The following other special provisions of the plan, if marked, appear on the attached separate Attachment(s).

[ ] Lien avoidance (11 U.S.C. § 522) **If Marked, See Attachment I**

[ ] Sale of property (11 U.S.C. § 363) **If Marked,** The Debtor(s) will sell _____ within the first ____ months from the bankruptcy filing. Proceeds of such sale will be used to fund the plan and the Court shall retain jurisdiction over such property and sale.

[ ] Injunctive relief (Fed. R. Civ. P. 2002(c)(3) and 7001(7)) **If Marked, See Attachment IIII**

Signed on **JULY 1, 2016**

| /S CARLOS CAMACHO MORALES | /S GLORIA MOLINA FELICIANO | /s Enrique Almeida; /s Zelma Dávila |
|---|---|---|
| | | /s Javier Abendano; /s Nikie Lopez |
| **Debtor** | **Joint Debtor** | **Attorney for Debtors** |

*Chapter 13 Plan –* P a g e | 7